50 CCPA

**PRICE-PFISTER BRASS MFG. CO.,**
Appellant,

v.

**MILWAUKEE FAUCETS, INC.,**
Appellee.

Patent Appeal No. 6886.

United States Court of Customs
and Patent Appeals.

Jan. 16, 1963.

Boris Haskell, Washington, D. C., for appellant.

William A. Lieber, Lieber, Lieber & Nilles, Milwaukee, Wis., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, 131 U.S.P.Q. 492, sustaining appellee's opposition instituted under Section 13 of the Trademark Act of 1946 (15 U.S.C. § 1063), to appellant's application[1] for registration of the trademark "AD-JUSTA-FIT" for manually operated valves for tubs and showers. Appellee is the owner of the registered trademark[2] "ADJUSTO" for shower fixtures, control valves and spray heads. Appellee, relying solely on its registration to support its opposition, took no testimony.

Appellant's right to the registration sought is contested under Section 2(d) of the Trademark Act of 1946, (15 U.S.C. § 1052), which provides that a trademark shall not be registered if it "[c]onsists of or comprises a mark which so resembles a mark registered in the Patent Office * * * by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers * * *." Appellee's ownership of the registered mark, its past and continuing use by appellee and its predecessors in the United States have not been challenged. The single issue therefore is whether the mark which appellant

---

1. Ser. No. 56,794, filed Aug. 7, 1958, alleging a date of first use of July 23, 1958.

2. No. 350,025, issued Sept. 14, 1937, and subsequently republished and renewed.

seeks to register so resembles appellee's registered mark as to be barred by the provisions of Section 2(d) of the Trademark Act of 1946.

 The record establishes that both parties are manufacturers and sellers of plumbing supplies and equipment and that the goods of the respective parties are sold and distributed through the same sources and trade channels and to the same classes of purchasers. Appellee's trademark "ADJUSTO" is used in connection with "shower fixtures, control valves, and spray heads" as set forth in its registration. Appellant's trademark "ADJUSTA-FIT" which it seeks to register is used in connection with "manually operated valves for tubs and showers" as set forth in its application. In addition, the testimony of appellant's witnesses establishes the fact that the goods of both the appellant and appellee as sold under their respective marks are used in conjunction with tub fillers such as showers and faucets installed in bathrooms both in new homes and in homes which are being remodeled.

With respect to appearance, meaning, and sound, the dominant portions of the trademarks differ from each other by the substitution in the suffix portions of an "A" in appellant's mark for the "O" in appellee's mark and the addition of the descriptive term "FIT" to appellant's mark. We think these differences do not obviate the likelihood of confusion, mistake or deception of purchasers arising from appellant's use of its mark on its goods. The addition of the term "FIT" to appellant's mark creates an impression that it might well be related to appellee's "ADJUSTO" family of goods.

 Appellant has introduced into the record six third-party registrations in an effort to substantiate the position that appellee is not entitled to such rights in the word "ADJUSTO" as to justify sustaining the opposition. All of these registrations were issued subsequent to the date of appellee's registration and no one of them contains an alleged date of first use prior to that of appellee.

The goods to which such third-party registrations relate are of different descriptive properties than the goods upon which the appellant and appellee use their respective marks. Under these circumstances, they are not sufficient evidence of a lack of distinctiveness to overcome the likelihood of confusion between "ADJUSTO" and "ADJUSTA-FIT" when applied to the respective goods here.

While the facts and circumstances vary to such an extent in trademark decisions as to render prior decisions of limited value, we think the facts and circumstances of this case warrant repetition here of our observations in Wincharger Corporation v. Rinco, Inc., 297 F.2d 261, 49 CCPA 849; as follows:

"Obviously, the only difference between Winco and Rinco is the first letter. It is our opinion that this difference is not significant. Although the words are not identical, we believe that they are so similar that purchasers would be compelled to exercise extreme caution not to mistake one for the other. It should be remembered that purchasers usually do not have the opportunity to simultaneously compare two marks but must recall one or the other separately at different times which in this situation would make the avoidance of error quite difficult. Therefore, we believe that if the goods are similar the marks would cause confusion among purchasers.

\* \* \* \* \* \*

"It is true that in most instances technicians would use the products of either party and they are a discriminating group of people but that does not eliminate the likelihood of purchaser confusion here. Being skilled in their own art does not necessarily preclude their mistaking one trademark for another when the marks are as similar as those here in issue, and cover merchandise in the same general field."

We therefore agree with the Trademark Trial and Appeal Board that "the

marks 'ADJUSTO' and 'ADJUSTA-FIT' are quite similar in sound and they create substantially the same commercial impressions." We agree also with its conclusion that "their contemporaneous use for goods as closely related in character as those here involved would be quite likely to result in purchaser confusion, mistake or deception."

Affirmed.