54 CCPA

**KRISTINUS GESELLSCHAFT, mit Beschrankter Haftung, Appellant,**

v.

**MURRAY, SONS & CO., Limited, Appellee.**

**Patent Appeal No. 7728.**

United States Court of Customs and Patent Appeals.

Jan. 12, 1967.

See also Cust. & Pat.App., 370 F.2d 583.

Gustav Drews, New York City, for appellant.

Edmund Dill Scotti, New York City, Russell L. Law, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board sustaining an opposition by Murray, Sons & Co. to Kristinus Gesellschaft's application [1] to register the following trademark, based on its German registration, for use on cigarettes:

---

*Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 110,344, filed Dec. 16, 1960.

Appellee's opposition is based on prior use and registration of the mark "PEER-AGE"[2] for smoking tobacco and cigarettes.

In sustaining the opposition, the board noted that the design portion of the appellant's mark and certain royal insignia of the British Government are strikingly similar. The board stated:

Opposer's registered mark is the word "PEERAGE" which is a dictionary word meaning a body of peers and also the rank or dignity of a peer. But "PEERAGE", as a registered trademark, constitutes use of the dictionary term by opposer in an arbitrary sense to identify and distinguish its tobacco products. True, the term "PEERAGE" may have a laudatory connotation, but the evidence adduced by applicant is manifestly insufficient to indicate that "PEERAGE" is in any way lacking in distinctiveness in the tobacco field. The five third-party registrations, of which only two, namely, the registrations of the marks "PEERLESS" and "COMPEER" may have some relevance herein, and the telephone directory listings, which do not on their face relate to the tobacco field, are entitled to little, if any, probative value in determining the question of likelihood of confusion in this proceeding. See: In re Helene Curtis Industries, Inc., [305 F.2d 492, 49 CCPA 1367], 134 USPQ 501 (CCPA, 1962); Price-Pfister Brass Mfg. Co. v. Milwaukee Faucets, Inc. [311 F.2d 817, 50 CCPA 898] 136 USPQ 215 (CCPA, 1963); The Fleischmann Distilling Corporation et al. v. Maier Brewing Company et al., [314 F.2d 149] 136 USPQ 508 (CA 9, 1963); and Sundure Paint Corporation v. Maas & Waldstein Co., [267 F.2d 943, 46 CCPA 926] 122 USPQ 377 (CCPA, 1959).

While the word "PEER", per se, may have a number of meanings, it is apparent in view of the heraldic design forming a part of applicant's mark here in question that it serves to suggest nobility. It is apparent, moreover, from a consideration of applicant's mark, as shown above, that the word "PEER" forms a most prominent and significant feature thereof and might well be that portion by which purchasers would call for applicant's cigarettes. In view of its obvious laudatory or descriptive connotation, the fact that the term "de luxe" appears in close proximity to "PEER" is of little significance. See: Lever Brothers Company v. The Diversy Corporation, 91 USPQ 251 (Comr., 1951). Under such circumstances and considering the obvious similarities between "PEER" and "PEERAGE", it is concluded that applicant's mark so resembles opposer's registered mark that, as applied to goods identical in kind and otherwise closely related goods, confusion, mistake or deception is reasonably likely to occur. (Footnote omitted.)

The appellant argues that there is no likelihood of confusion, relying upon dictionary definitions of the words "peer" and "peerage" and the importance of the word "de Luxe" in its mark. It also argues that there is lack of proof of the appellee's prior use and ownership of the mark "PEERAGE". These matters were all dealt with in the opinion of the board. After a review of the record, we find no error in the board's decision.

The decision of the board is affirmed.

Affirmed.

---

2. Reg. No. 529,445, issued Aug. 22, 1950, affidavit under section 8 accepted and affidavit under section 15 received.